IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER D. CROWE and )
DIANNA CROWE, )
　　　　　　　　　　　　　　　　　　 )
　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　 )
　　　v. )　　　1:05CV00761
　　　　　　　　　　　　　　　　　　 )
BRAXTON TIRE COMPANY, )
　　　　　　　　　　　　　　　　　　 )
　　　Defendant. )

MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

　　　Plaintiffs Roger D. Crowe and Dianna Crowe brought suit for personal injuries stemming from an automobile accident. Plaintiffs failed to comply with a court-ordered deadline to complete the deposition of Dr. Pribil, their treating surgeon. Accordingly, the court granted a motion to quash Plaintiffs' notice of deposition. This matter is now before the court on Plaintiffs' motion for relief from the court's order. For the reasons given below, Plaintiffs' motion will be denied.

I.　　FACTS AND PROCEDURAL HISTORY

　　　Plaintiffs filed suit against Defendant Braxton Tire Company for injuries sustained as a result of a car accident. Their case was scheduled for a jury trial in April 2007. Due to the illness of Dr. Pribil, however, Plaintiffs were unable to take his deposition in time for trial. Plaintiffs, therefore, moved for

continuance. The court granted the continuance, issuing an order on April 2, 2007, that postponed trial to a later date and granted Plaintiffs ten days to complete Dr. Pribil's deposition. On April 12, 2007, Plaintiffs noticed Dr. Pribil's deposition for April 21, 2007, a date nine days past the court-ordered completion deadline. Defendant responded by filing a motion to quash Plaintiffs' notice of deposition.

The court held a hearing to determine why Plaintiffs scheduled Dr. Pribil's deposition on a date beyond that allowed by the court without first attempting to seek an extension of time. In light of Plaintiffs' failure to offer a satisfactory explanation, the court granted Defendant's motion to quash. Plaintiffs now seek the court to reconsider its ruling and vacate its decision based on circumstances that Plaintiffs allege were beyond their control and led to their failure to comply on time.

**II. LEGAL STANDARD AND ANALYSIS**

Plaintiffs move for relief from the court's order under Rule 59 and 60 of the Federal Rules of Civil Procedure. Defendant filed a motion to strike the exhibits filed with Plaintiffs' motion for relief on the grounds that they were not submitted to the court in response to Defendant's motion to quash.

2

**A. Relief Under Rule 59**

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek from a court an alteration or amendment of a previous judgment. Fed. R. Civ. P. 59(e). There are three circumstances that merit granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>United States ex rel. Becker v. Westinghouse Savannah River Co.</u>, 305 F.3d 284, 290 (4th Cir. 2002) (citation and quotations omitted). "Mere disagreement does not support a Rule 59(e) motion." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1082 (4th Cir. 1993). Courts should not grant a Rule 59(e) motion lightly, however, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." <u>Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.</u>, 148 F.3d 396, 403 (4th Cir. 1998) (quotations and citation omitted).

Plaintiffs are unable to supplement their motion under Rule 59 with any argument to support a reversal of the court's decision in this case. They have certainly failed to proffer that new evidence exists or that there is a change in the law. Plaintiffs do seem to claim that the court's ruling was erroneous because it was a sanction whose consequence was overly harsh in

3

comparison to Plaintiffs' inability to comply with the court's order.

When viewing the circumstances in total, the court's decision to quash Plaintiffs' deposition notice was reasonable. This case was initially set for trial in April 2007 and both parties acknowledged that they were ready to proceed on this date. Plaintiffs then noticed Dr. Pribil's deposition for March 29, 2007, just a week before trial. Dr. Pribil cancelled his deposition causing Defendant to incur the costs of traveling to Louisiana. In light of the fact that Plaintiffs had no expert witness testimony as to injury and damages, they sought a continuance. The court granted the continuance, giving Plaintiffs an additional ten days to complete Dr. Pribil's deposition. Defendant informed Plaintiffs that it would be available on a number of dates in that ten-day period of time. Plaintiffs, however, scheduled the doctor's deposition beyond the deadline set by the court. Though perhaps the doctor's schedule was outside Plaintiffs' control, this did not excuse Plaintiffs' obligation to the court. Plaintiffs did not seek leave for a continuance either on their own or jointly with Defendant. Therefore, the court's ruling that quashed the deposition that Plaintiffs were allowed a second chance to pursue was not a clear error of law. Accordingly, Plaintiffs' motion under Rule 59 will be denied.

**B. Relief Under Rule 60**

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may move for relief from a final judgment or order if a motion is filed within a reasonable time. Fed. R. Civ. P. 60(b). Disposing of motions filed under Rule 60(b) is generally left to the discretion of the district court. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir. 1984) (citations omitted). For Rule 60(b) to apply, however, "the movant must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Id. at 206-07 (citation omitted). Once the moving party satisfies these criteria, that party must fit within one or more of several circumstances in which Rule 60(b) vests the court with authority to grant relief from a final judgment, including

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); Werner, 731 F.2d at 207.

In this case, Plaintiffs seek reconsideration of the court's ruling based on circumstances beyond the Plaintiffs' control. For a court to reconsider an order, a plaintiff must demonstrate

5

the existence of extraordinary circumstances that would justify a review of a previous ruling.  This requirement exists because a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 873, 108 S. Ct. 2194, 2209 (1988) (Rehnquist, C. J., dissenting)).  Adherence to this principle helps courts "preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation and internal quotations omitted).

In this case, Plaintiffs present no extraordinary circumstances explaining their failure to seek leave to request an additional extension of time from the court.  Plaintiffs knew well into the week of April 2, 2007, that Dr. Pribil was not returning their phone calls.  In fact, according to Plaintiffs' counsel, he received no word from Dr. Pribil until April 12, 2007.[1]  This alone should have raised a red flag, as Plaintiffs would surely have known in advance that they were not going to be

---

[1] His recollection does not square with that of Defendant's counsel who stated that he was told on April 11, 2007, that the deposition was being noticed the following day or the statement in Plaintiffs' Memorandum in Opposition to Defendant's Motion to Strike.  Moreover, Dr. Pribil claims being sick only from March 29, 2007, until ten days thereafter (April 8, 2007)—leaving four days until the court's deadline.

6

able to comply with the court's order before the deadline. Plaintiffs' lack of diligence is not something that rises to the level of an extraordinary circumstance, especially when they share an element of the fault. See <u>Nat'l Credit Union Admin. Bd. v. Gray</u>, 1 F.3d 262 (4th Cir. 1993). Accordingly, Plaintiffs' motion under Rule 60 will be denied.

**C. Defendant's Motion to Strike**

Defendant filed a motion to strike, claiming that Plaintiffs inappropriately submitted documents contemporaneously with their motion for relief to be taken into consideration by the court for its ruling. Since the court is denying Plaintiffs' motion, the issue is now moot. Accordingly, Defendant's motion to strike will be denied.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiffs' motion for relief [43] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to strike [46] is DENIED.

This the 24th day of July 2007.

_____
United States District Judge

7

Case 1:05-cv-00761-WO-WWD   Document 50   Filed 07/24/07   Page 7 of 7